IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-cv-00674-KDB-WCM

| | | |
|---|---|---|
| NATE WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND RECOMMENDATION |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

## I. Procedural Background

On May 23, 2022, Plaintiff protectively filed applications for disability insurance benefits and supplemental security income alleging disability beginning on October 1, 2021. Transcript of Administrative Record ("AR") pp. 216, 218, 222. Following the denial of Plaintiff's claim on initial review and reconsideration, a hearing was held on June 13, 2024, where Plaintiff appeared and testified. AR pp. 35-66.

On June 28, 2024, the Administrative Law Judge ("ALJ") issued an unfavorable decision. AR pp. 7-24. The Appeals Council denied Plaintiff's request for review of that decision and on September 5, 2025 Plaintiff filed the

instant action. AR pp. 1-6; Doc. 1. Accordingly, the ALJ's decision is the Commissioner's final decision for purposes of judicial review. See 20 C.F.R. § 404.981.

## II. The ALJ's Decision

The ALJ determined that Plaintiff had the severe impairments of "heart failure; chronic kidney disease (CKD); diabetes mellitus (DM); hyperlipidemia; essential hypertension (HTN); and depressive, bipolar and related disorders." AR p. 13. The ALJ further found that Plaintiff had the RFC to perform

> light work…except that he can occasionally climb; he can frequently crawl; he can frequently handle with the right upper extremity; he can frequently feel with the left upper extremity; he must avoid concentrated exposure to extreme hot and to fumes, odors, dusts, gases, and poor ventilation, etc.; he can understand, remember and carry out simple instructions and can use judgment to make simple work-related decisions; he can sustain concentration, attention, and pace sufficient to carry out those simple instructions over the course of an 8-hour workday and at least 2-hour intervals; he can work in occupations that require only occasional contact with coworkers and supervisors, and no contact with the general public; and he can deal with occasional changes in a routine work setting.
>
> AR p. 15.

Applying this RFC, the ALJ found that Plaintiff was not disabled. AR pp. 19-20.

## III. Plaintiff's Allegations of Error

Plaintiff contends that the ALJ failed to account for his lower extremity

swelling and numbness (including his need to elevate his feet) and Plaintiff's need to take frequent bathroom breaks when developing the RFC and failed to conduct a function-by-function analysis of Plaintiff's ability to stand or walk.

## IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505(a); 416.905(a). The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a federal district court reviews the Commissioner's decision, it does not "re-weigh

conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

**V. Analysis**

RFC is defined as "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).[1] SSR 96-8p, 1996 WL 374184 (July 2, 1996), provides that an ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Id. at *7. "Evaluating an RFC requires an ALJ to consider all of the claimant's physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [his or her] ability to work." Dowling v. Commissioner of Social Security Administration, 986 F.3d 377, 387 (4th Cir. 2021) (quoting 20 C.F.R. § 416.945(a)(1)) (quoting Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019)

[1] 20 C.F.R. § 404.1545 sets out the process for evaluating a claimant's physical abilities relative to claims for disability insurance benefits, while 20 C.F.R. § 416.945 sets out an identical process relative to claims for supplemental security income.

(quoting Monroe v. Colvin, 826 F.3d 176, 188 (4th Cir. 2016)) (modification added).[2]

In formulating an RFC, an ALJ is not required to discuss every piece of evidence. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014). The ALJ is required, however, to build "an accurate and logical bridge from the evidence to his conclusion" that the plaintiff's RFC sufficiently accounts for his limitations. See Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018); see also Mayberry v. Berryhill, No. 5:17-cv-175-GCM, 2018 WL 3543085, at *3 (W.D.N.C. July 23, 2018) ("A failure to provide an adequate explanation frustrates the ability of the Court to conduct meaningful review and determine whether the ALJ's decision is supported by substantial evidence."); Darby v. Berryhill, No. 1:16cv366-RJC, 2018 WL 310136, at * (W.D.N.C. Jan. 5, 2018) ("if the ALJ shows her work, then the Court will most likely find substantial evidence supporting her ultimate conclusion").

At the same time, it is the claimant's burden to establish that he suffers from an impairment which limits his functional capacity. 20 C.F.R. 404.1505; 416.905; see Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).

---

[2] Pursuant to SSR 96-8p, an ALJ's RFC assessment must include an evaluation of the claimant's ability to perform certain physical functions. "These functions are: 'sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions [that] may reduce [a claimant's] ability to do past work and other work.'" 986 F.3d at 387 (quoting 20 C.F.R. § 416.945(b)).

Here, Plaintiff contends that the ALJ failed to account for his lower extremity swelling and numbness (including his need to elevate his feet) and Plaintiff's need to take frequent bathroom breaks when developing the RFC. Plaintiff further argues that the ALJ failed to conduct a function-by-function analysis of Plaintiff's ability to stand or walk and that because of this failure, the ALJ did not explain sufficiently the determination that Plaintiff could engage in "light work," which generally requires "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b); 416.967(b).

In response, the Commissioner argues that there is no evidence to support the limitation of Plaintiff needing to elevate his legs above waist level for extended periods. Doc. 7.[3]

The Commissioner correctly points out that the only record cited by Plaintiff in which it was recommended that Plaintiff elevate his legs is dated prior to Plaintiff's alleged onset date. See AR 534-537.

Further, the other records cited by Plaintiff do not appear to uniformly reflect lower extremity edema, frequent urination, or numbness and tingling. See e.g. AR 780-781 (October 22, 2021 treatment note wherein Plaintiff reported "progressive swelling of legs"); AR 449 (October 23, 2021 treatment

---

[3] The Commissioner does not respond to Plaintiff's arguments regarding Plaintiff's need for frequent bathroom breaks.

note reflecting Plaintiff's self-report that he had "been urinating a lot on the medication"); AR 668-673 (November 15, 2021 treatment note indicating "full ROM to all extremities, no edema" and no urinary frequency); AR 1228-1232 (January 16, 2024 treatment note wherein Plaintiff denied leg edema but complained of frequent urination with an onset of two weeks,); AR 1237-1240 (February 21, 2023 treatment note reflecting no complaints of leg edema but that Plaintiff did report bilateral numbness and tingling in his feet).

Without more, it is not clear that the records cited by Plaintiff support his position that the RFC should have included greater limitations. See Patterson v. Kijakazi, No. 1:20CV1030, 2022 WL 103884, at *9 (M.D.N.C. Jan. 10, 2022) ("a recommendation that a patient undertake certain ameliorative measures does not equate to a physical restriction or a judgment about what Plaintiff can still do despite her impairments") (emphasis in original), report and recommendation adopted, No. 1:20-CV-1030, 2022 WL 904467 (M.D.N.C. Feb. 24, 2022), aff'd, No. 22-1325, 2023 WL 2136367 (4th Cir. Feb. 21, 2023)) (citing Cruz v. Commissioner of Soc. Sec. Admin., No. CV-19-04460, 2020 WL 3567033, at *2 (D. Ariz. July 1, 2020) (holding that "ALJ was not obligated to include a need to elevate the legs when sitting in the RFC finding," because the doctor "merely recommended that [the plaintiff] elevate her legs when sitting" and "did not state it was necessary for work") (internal quotation

marks and brackets omitted), aff'd, No. 20-16651, 2021 WL 5357231 (9th Cir. Nov. 17, 2021) (unpublished)).

Here, however, the ALJ noted in her opinion, that Plaintiff "testified that his feet swell regularly," that he takes a "diuretic for swelling that makes him go to the bathroom a lot, 6-7 times," and that he "must elevate his feet or take off his shoes about 3 times a day, for 20-30 minutes at a time." AR at 15. The ALJ further found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR at 16. After summarizing certain of Plaintiff's medical records, the ALJ concluded that those records demonstrated that Plaintiff's "physical conditions became better with treatment" and explained,

> Treatment records, for instance, reflect an increased EF score with treatment. The claimant's diabetes mellitus, overall, has been stable, and has not caused any substantial end organ damage. There are not a lot of records are [sic] on file pertaining to the claimant's chronic kidney disease. No substantial end organ damage is reflected on file with respect to his hypertension.
>
> AR 17-18.

But, while the ALJ summarized certain treatment records that

referenced Plaintiff's edema, the ALJ did not explain how those records supported a finding that Plaintiff's edema became better with treatment. See AR 16 (referencing a treatment record indicating that Plaintiff was not experiencing any lower extremity edema, a separate record indicating that Plaintiff presented "in follow-up for leg, ankle, and feet edema," and a third record in which Plaintiff complained of tingling and numbness in his left upper extremity and right foot).

The ALJ also did not discuss Plaintiff's testimony regarding frequent bathroom breaks or his statements regarding the need to elevate his legs further.

And, while the ALJ found the state agency opinions to be generally persuasive, and the undersigned notes that those opinions each concluded that Plaintiff could stand and/or walk for about six hours in an eight-hour workday, see AR pp. 69-79, AR 80-90, AR 93-102; AR 103-112, the ALJ again did not address specifically Plaintiff's complaints regarding edema, frequent bathroom breaks, or the need to elevate his feet in conjunction with those opinions.

In sum, while certain evidence supports the ALJ's ultimate determinations regarding the RFC, the ALJ's lack of an explanation "frustrates meaningful review," White v. Colvin, No. 3:15-CV-00197-FDW, 2016 WL 3381265, at *5 (W.D.N.C. June 14, 2016), and leads the undersigned to recommend that the ALJ's decision be remanded for further consideration

of these issues. See Woodard v. Commissioner of Social Security, No. 5:23-CV-00053-KDB, 2024 WL 50423, at *4 (W.D.N.C. Jan. 4, 2024) (remanding where ALJ failed to discuss claimant's testimony or other evidence regarding claimant's limited ability to sit, stand, or walk and noting that "careful consideration of this evidence could (but need not necessarily) have made a material difference in Plaintiff's RFC.") (citing Holland v. Comm'r of Soc. Sec. Admin., No. 17-1874-ADC, 2018 WL 1970745, at *10 (D. Md. Apr. 25, 2018)); cf., Edwards v. Commissioner of Social Security, No. 1:21-cv-00134-RJC, 2022 WL 3352298, at *5 (W.D.N.C. Aug. 12, 2022) ("the ALJ in this case noted [plaintiff's] testimony that he required three to eight hours of leg elevation daily, described the medical evidence showing that [plaintiff] had healed in the two years since his injuries, and explained his conclusion that additional limitations for [plaintiff's] lower extremities were unwarranted in light of his recovery").

## VI. Recommendation

Considering the foregoing, the undersigned **RESPECTFULLY RECOMMENDS** that the Commissioner's decision be **VACATED,** and that this matter be **REMANDED** for further administrative proceedings.

Signed: August 25, 2026

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).